Richard A. Solomon, SBN 82923
Holly J. Nolan, SBN 140775
SOLOMON, GRINDLE, SILVERMAN & WINTRINGER
A Professional Corporation
12651 High Bluff Drive, Suite 250
San Diego, CA 92130
Tel. (858) 793-8500
Fax (858) 793-8263
Richard@sgswlaw.com
Hollyn@sgswlaw.com

Attorneys for Defendants NORTHERN LEASING SYSTEMS,
INC., LEASE FINANCE GROUP, LLC, CIT FINANCIAL USA,
INC., LEASE SOURCE, INC. and JAY COHEN

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH CREAM, JR., AMANDA CREAM, CATHY CREAM and FERNANDO CARILLO,<br><br>        Plaintiffs,<br><br>v.<br><br>NORTHERN LEASING SYSTEMS, INC., LEASE FINANCE GROUP, LLC, EVO MERCHANT SERVICES, LLC, EVO PAYMENTS INTERNATIONAL, LLC, ALLEN & ASSOCIATES, LEASE SOURCE, INC., LEASE SOURCE-LSI, LLC, CIT FINANCIAL USA, INC., JAY COHEN,M PETER S. COHEN, RON G. ARRINGTON AND DOES 1-100,<br><br>        Defendants. | Case No.  C-15-01208 MEJ<br><br>**DEFENDANTS' REPLY RE MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE, RULE 12b**<br><br>Date:  June 25, 2015<br>Time: 10:00 a.m.<br>Dept:  B |

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Defendants NORTHERN LEASING SYSTEMS, INC., LEASE FINANCE GROUP, LLC, CIT FINANCIAL USA, INC., LEASE SOURCE, INC. and JAY COHEN  (sometimes collectively referred to herein as "Defendants")  submit the following Reply in support of their Motion to Dismiss Plaintiffs JOSEPH CREAM, JR., AMANDA CREAM, CATHY CREAM and FERNANDO CARILLO's First Amended Complaint ("FAC") filed in the above-captioned action.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.      JUDICIAL NOTICE OF THE LEASES IS APPROPRIATE.

Plaintiffs JOSEPH CREAM, JR., AMANDA CREAM, CATHY CREAM and FERNANDO CARILLO (sometimes collectively referred to herein as "Plaintiffs") set forth 15 different leases that are the subject of the FAC.  Fourteen of the fifteen leases are identified by Plaintiffs by a lease number.  One lease is not identified by a lease number, but that lease and those allegations are not alleged against the moving Defendants.  Even though Plaintiffs clearly have the Leases in their possession by the fact they specifically allege the lease numbers, the Plaintiffs conveniently do not attach any of the Leases to the FAC.  However, because the Leases attached to the Request for Judicial Notice ("RJN") can be easily identified by the lease numbers cited in the Plaintiffs' FAC, there cannot be any reasonable dispute that the Leases attached to the RJN are the Leases identified in the FAC.  While Plaintiffs may dispute the enforceability of the Leases, they cannot dispute their existence. Therefore, Defendants respectfully request that the Court take judicial notice of the Leases.  If the Court wants the Leases submitted through a Declaration of the Defendants, Defendants request that the Motion be continued to allow Defendants to submit the Leases through appropriate Declarations (although that appears to be an unnecessary waste of judicial resources and time).

As stated by Plaintiff, the Court can consider evidence on a Motion to Dismiss for improper venue and in fact, such is required because the issue of venue and the forum selection clause can only be determined based on the Leases.  *See*

*Argueta v. Banco Mexicano S.A.* (9th Cir. 1996) 87 F.3d 320, 324; *see also Doe 1 v. AOL LLC* (9th Cir. 2009) 552 F.3d 1077, 1081.

Furthermore, Plaintiff J. Cream's attempt to claim that the forum selection clause is invalid is without merit.  First, not all the Leases are with J. Cream, yet only his declaration was submitted (to which Defendants object).  Second, the FAC allegations arise directly out of the Leases, regardless of the theories of liability and the causes of action asserted.  Third, alleging that the entire contract was entered into based on fraud is insufficient to defeat a forum selection clause.  *See Seecomm Network Services Corporation v. Colt Telecommunications* (N.D. Cal. 2004) 2004 WL 1960174 *4.  Therefore, the forum selection clauses should be enforced.

## II. Dismissal of the FAC is Appropriate pursuant to Federal Rules of Civil Procedure, Rule 12(b)(3).

The case of *R.A. Argueta v. Banco Mexicano, S.A.* (9th Cir. 1996) 87 F.3d 320, 324, supports a motion to dismiss based on improper venue as the proper procedural mechanism by which a party can enforce a forum selection clause.  *See R.A. Argueta v. Banco Mexicano, S.A.* (9th Cir. 1996) 87 F.3d 320, 324.  The lower court in *Argueta* granted defendant's Motion to Dismiss for improper venue based on the forum selection clause and the Ninth Circuit Court affirmed.  *R.A. Argueta* still appears to be good law and there is no indication that it has been overruled  by *Atlantic Marine Construction Company, Inc. v. United States District Court for the Western District of Texas* (2013) 134 S.Ct. 568.

However, even if this Court finds that the long standing procedural law in this District should be discarded and that the proper motion is one to transfer the case pursuant to 28 U.S.C.A. Section 1404(a), then Defendants request that the Court on its own motion deem Defendants' Motion to Dismiss to be a Motion to Transfer and grant the Motion.  A Motion to Transfer pursuant to 28 U.S.C.A. Section 1404(a) can be brought at any time.  *See Galvin v. McCarthy* (USDC, D. Colo. 2008) 545 F. Supp. 2d 1176, 1182.  Therefore, to force Defendants to file a new Motion when it

1  is clear that this matter should be moved to the forums identified in the Leases,

2  would be to waste time, expense and judicial resources that appears to be

3  unnecessary under the facts and legal authority stated in the moving papers and

4  herein.

5      The reality is that forum selection clauses are prima facie valid and should not

6  be set aside unless the party challenging enforcement of such a provision can show

7  it is unreasonable under the circumstances.  *Id.* at 325 [citing to *The Bremen v.*

8  *Zapata Off-Shore Co.* (1972) 407 U.S. 10].  The factors that the court should

9  consider were set forth in the moving papers and will not be reiterated here.

10     Each of the Leases have exclusive language as to the forum and should be

11 strictly enforced.  Furthermore, each of the Leases also indicate that the law of New

12 York (and in one of the leases, the law of Illinois) is to govern the lease.  Therefore,

13 a court in New York will be better adept to interpret and enforce New York law (and

14 Illinois as to Illinois law).

15     As set forth in the moving papers, each of the Leases involving the moving

16 Defendants contain exclusive forum selection provisions.  With the exception of

17 Lease 1 which has a forum provision for Illinois, all the other leases have a New

18 York forum provision.  Plaintiffs admit to entering into Leases 1 through 14 by the

19 allegations in the FAC.  Plaintiffs are suing the Defendants regarding matters arising

20 out of the Leases.   The Leases are identified in the FAC by lease number which

21 match the Leases attached to the RJN filed with the moving papers.  An evidentiary

22 hearing to determine this is unwarranted.  The Leases are fairly short and the forum-

23 selection clauses are clearly delineated.  In many instances, the Plaintiffs initialed

24 each page of the lease, so had every opportunity to review the contents thereof.  For

25 instance, J. CREAM signed 11 of the 14 leases and on 8 of the leases he initialed

26 each page.  C. CREAM signed 2 leases and initialed each page on 1 of the leases.

27 CARRILLO signed 1 lease and initialed each page.  The forum selection clauses

28 were clear and distinct paragraphs.

### III.   **Enforcement of the Forum Selection Clause is warranted.**

Even if this Court considers the Motion to Dismiss as a Motion to Transfer and looks to the ruling in *Atlantic Marine*, Defendants are still entitled to have this case transferred in accordance with the forum selection clauses.  The Plaintiffs bear the burden of establishing that the transfer is unwarranted, which they have not done. *See Atlantic Marine*, 134 S.Ct. 568, 581.   A plaintiff's argument that the forum set forth in the contract is not convenient or less convenient to the plaintiff and/or its witnesses, is of no merit.  "When parties agree to a forum selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation." *Id*. at 582.  "Whatever inconvenience [the parties] would suffer by being forced to litigate in the contractual forum as [they] agreed to do was clearly foreseeable at the time of contracting."  *Id*.

Even based on *Atlantic Marine*, the Plaintiffs have not set forth sufficient facts or legal authority to defeat the Motion and usurp the forum selection clauses. Plaintiffs signed the Leases and in many instances initialed each page.  The forum selection clauses were an integral part of the Leases, were separate paragraphs and had Plaintiffs bothered to read the Leases (presuming that they did not as they seem to indicate), the forum selection clauses would have been found.  The forum selection clauses should be deemed valid and enforceable and either this matter should be dismissed or transferred to the proper forum pursuant to the Leases.

### IV.   **EVIDENTIARY OBJECTIONS TO DECLARATION OF JOSEPH CREAM, JR.**

Pursuant to Local Rule of Court, Rule 7-3(c), Defendants object to the Declaration of Joseph Cream, Jr. ("Cream Dec.") as follows:
/ / /

Paragraph 1:  Objection – Relevance:  Cream only identifies himself as owner of Creams Dismantling, Inc.  Therefore, the declaration can only be considered in relation to the Leases in the name of Creams Dismantling and no other Leases.

Paragraph 2:   Objection – Relevance, Overbroad:  Cream fails to identify the name of the "salesmen" or on behalf of which Defendant the salesmen were working.  Furthermore, the statement therein is not relevant to the limited issue before this court of the enforceability of the forum selection clauses.

Paragraph 3:  Objection – Relevance, Overbroad:  Cream fails to identify the name of the "salesmen" or on behalf of which Defendant the salesmen were working.  Furthermore, the statement therein is not relevant to the limited issue before this court of the enforceability of the forum selection clauses.

Second Paragraph 3:  Objection – Relevance, Overbroad:  Cream fails to identify the name of the "salesmen" or on behalf of which Defendant the salesmen were working.  Furthermore, the statement therein is not relevant to the limited issue before this court of the enforceability of the forum selection clauses.

Paragraph 4:  Objection – Relevance, Overbroad, Best Evidence:  Cream fails to identify the name of the "salesmen" or on behalf of which Defendant the salesmen were working.  Furthermore, the statement therein is not relevant to the limited issue before this court of the enforceability of the forum selection clauses.  Cream also fails to attach to the declaration copies of the leases that he claims were sent to him.

Paragraph 5:  Objection – Relevance, Overbroad:  Cream fails to identify the name of the "salesmen" or on behalf of which Defendant the salesmen were working.  Furthermore, the statement therein is not relevant to the limited issue before this court of the enforceability of the forum selection clauses.

Paragraph 6:  Objection – Relevance, Overbroad:  Cream fails to identify the name of the "salesmen" or on behalf of which Defendant the salesmen were working.  Furthermore, the statement therein is not relevant to the limited issue before this court of the enforceability of the forum selection clauses.

Paragraph 7:  Objection – Relevance, Overbroad, Best Evidence:  Cream fails to identify the name of the "salesmen" or on behalf of which Defendant the salesmen were working.  Furthermore, the statement therein is not relevant to the limited issue before this court of the enforceability of the forum selection clauses.  The Leases speak for themselves as to the inclusion of forum-selection clauses and Plaintiffs signed the Leases and in many instances initialed each page.  Presumably Plaintiffs read what they were signing.

## V.    <u>CONCLUSION</u>

Based on the moving papers and the foregoing, Defendants, and each of them, respectfully request that the Court grant the Motion to Dismiss in its entirety based on improper venue and dismiss the First Amended Complaint as to Defendants NORTHERN LEASING SYSTEMS, INC., LEASE FINANCE GROUP, LLC, CIT FINANCIAL USA, INC., LEASE SOURCE, INC. and JAY COHEN, and each of them.  In the alternative, DEFENDANTS, respectfully request that for judicial expediency that the Court order the transfer of the case to the proper forums pursuant to the Leases.

Dated: May 21, 2015                    SOLOMON, GRINDLE, SILVERMAN
                                                       & WINTRINGER, APC


                                            By:    /s/ Holly J. Nolan
                                                    Richard A. Solomon
                                                    Holly J. Nolan
                                                    Attorneys for Defendants NORTHERN
                                                    LEASING SYSTEMS, INC., LEASE
                                                    FINANCE GROUP, LLC, CIT FINANCIAL
                                                    USA, INC., LEASE SOURCE, INC. and
                                                    JAY COHEN