UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH CREAM, et al., <br><br> Plaintiffs, <br><br> v. <br><br> NORTHERN LEASING SYSTEMS, INC., et al., <br><br> Defendants. | Case No. 15-cv-01208-MEJ <br><br> **ORDER DEFERRING RULING ON MOTION TO DISMISS AND REQUESTING AUTHENTICATION OF DOCUMENTS** <br><br> Re: Dkt. No. 16 |

## INTRODUCTION

Plaintiffs Joseph Cream, Jr., Amanda Cream, Cathy Cream, and Fernando Carillo ("Plaintiffs") bring this action against Defendant Northern Leasing Systems, Inc. and related Defendants,[1] alleging that they fraudulently induce small business owners like Plaintiffs to lease credit card machines under undisclosed and onerous terms. First Am. Compl. ("FAC") at 1, Dkt. No. 13. Defendants Northern Leasing Systems, Inc., Lease Finance Group, LLC, CIT Financial USA, Inc., Lease Source, Inc. and Jay Cohen (collectively, "Defendants") move to dismiss the FAC pursuant to Federal Rule of Procedure 12(b)(3) on the ground that the action is improperly venued in this Court, as the leases referenced in the FAC contain forum selection clauses requiring that actions be filed in New York (and one lease requires filing in Illinois). Dkt. No. 16 ("Mot."). Plaintiffs filed an Opposition (Dkt. No. 23), and Defendants filed a Reply (Dkt. No. 28). The Court finds this matter suitable for disposition without oral argument and **VACATES** the hearing. *See* Fed. R. Civ. P. 78(b); Civil L.R. 7-1(b). Having considered the parties' positions, relevant legal authority, and the record in this case, the Court **DEFERS** ruling on Defendants' Motion at this time for the reasons discussed below.

---

[1] Plaintiffs named as Defendants Northern Leasing Systems, Inc; Lease Finance Group LLC; EVO Merchant Services, LLC; EVO Payments International, LLC; Allen & Associates; Lease Source Inc.; Lease Source-LSI, LLC; CIT Financial USA, Inc; Jay Cohen; Peter S Cohen; Ron G Arrington; and Does 1-100.

**DISCUSSION**

Defendants argue that this action must be dismissed or transferred because each of the leases referenced in Plaintiffs' FAC require that actions relating to those agreements be filed in jurisdictions other than California. Mot. at 1. Defendants thus request that the Court take judicial notice of 14 lease agreements, which they assert are the same agreements specifically referenced by number in Plaintiffs' FAC. Reply at 1; Req. for Judicial Notice, Dkt. No. 16-4; *see also id.*, Exs. A-N. Plaintiffs object, arguing that judicial notice is not appropriate for these documents under Federal Rule of Evidence 201, which permits judicial notice only of documents capable of immediate and accurate determination by resort to easily accessible sources of indisputable accuracy. *See* Dkt. No. 23-1. Plaintiffs also challenge the validity of these agreements, alleging that they did not receive a copy of their agreements and that they were unaware of the existence of the additional pages or of the onerous terms contained in the agreements. FAC at 6-9.

While the Court agrees that the documents are not judicially noticeable, the Court may nevertheless consider them under certain circumstances. First, while generally a court may not look beyond the four corners of a complaint in ruling on a Rule 12(b) motion, there is an exception for documents incorporated into the complaint by reference. *See Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) (per curiam); *Lee v. City of L.A.*, 250 F.3d 668, 688-89 (9th Cir. 2001). Under the doctrine of incorporation by reference, the Court may consider documents whose contents are alleged in the complaint, provided the complaint "necessarily relies" on the documents or contents thereof, the document's authenticity is uncontested, and the documents' relevance is uncontested. *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010); *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim."). "The defendant may offer such a document, and the district court may treat such a document as part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Id.* Although the pending Motion is not made under Rule 12(b)(6), the same principles apply, as Plaintiffs' FAC refers to the lease agreements but does not include the actual documents.

As such, Defendants should be permitted to offer these documents for the Court's consideration.

Second, Courts regularly accept such evidence in determining motions to transfer based on forum selection clauses. *See, e.g.*, *T & M Solar & Air Conditioning, Inc. v. Lennox Int'l Inc.*, __ F. Supp. 3d __, 2015 WL 1289497, at *3-5 (N.D. Cal. Mar. 20, 2015); *Monastiero v. appMobi, Inc.*, 2014 WL 1991564, at *1 (N.D. Cal. May 15, 2014); *Bayol v. Zipcar, Inc.*, 2014 WL 4793935, at *1 (N.D. Cal. Sept. 25, 2014) (all reviewing and considering the agreements that contained the allegedly applicable forum-selection clause).

That said, Defendants submitted the lease agreements only through a request for judicial notice, with no affidavit or declaration authenticating these documents. Defendants state that such declarations "appear[] to be an unnecessary waste of judicial resources and time." Reply at 1. Nonetheless, in this District, Civil Local Rule 7-5 requires that factual contentions made in support of any motion "must be supported by affidavit or declaration" and "evidentiary matters must be appropriately authenticated by an affidavit or declaration." Accordingly, Defendants must properly authenticate these lease agreements to support their Motion.

## CONCLUSION

In light of the foregoing, the Court currently **DEFERS** ruling on Defendants' Motion to Dismiss. To support their Motion, Defendants must file the lease agreements as properly authenticated documents in accordance with Local Rule 7-5 **by July 10, 2015**. Failure to timely file the authenticated documents will result in denial of Defendants' Motion without prejudice. Following Defendants' filing of such authenticated documents, Plaintiffs will have one week (i.e., **by July 17, 2015**) to assert any objections to the Defendants' evidence before the Court makes its ruling on Defendants' Motion.

**IT IS SO ORDERED.**

Dated: June 26, 2015

_____
MARIA-ELENA JAMES
United States Magistrate Judge

3